IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | 2: 08-cr-00312 |
| v. ) | 2: 15-cv- 265 |
| ) | |
| **HAROLD D. PRICE** ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court are a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 48), filed by Harold D. Price; and the GOVERNMENT'S MOTION TO DISMISS DEFENDANT PRICE'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION (ECF No. 49). The Court stayed the deadline for the government to respond to the merits of Price's § 2255 motion and ordered Price to respond to the government's motion to dismiss on or before April 27, 2015. Price failed to file a response. The motions are now ripe for disposition. There is no need for an evidentiary hearing.

Factual and Procedural Background

On August 28, 2007, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment at Criminal Case No. 07-310 in which Price was charged with Possession of A Firearm, on or about May 3, 2007, in violation of Title 18, U.S.C. §§ 922(g)(1) and 924(e)(1). Specifically, the Indictment charged Price with the unlawful possession of three (3) semi-automatic handguns after having been convicted of four (4) felony drug-trafficking

1

offenses. After various pretrial proceedings, the Indictment at Criminal Case No. 07-310 was dismissed pursuant to a written plea agreement between the parties.

On August 18, 2008, in Criminal Case No. 08-312, a two-count criminal Complaint was filed against Price which charged him with Possession With The Intent to Distribute Less than Fifty (50) kilograms of Marijuana, on or about May 3, 2007, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, on or about May 3, 2007, in violation of Title 18, U.S.C., § 924(c)(1)(A)(i). On August 20, 2008, the government filed an Information To Establish Prior Convictions, which established that Price had four (4) previous felony drug convictions in the Court of Common Pleas of Allegheny County, Pennsylvania.

Also on August 20, 2008, Price appeared before the Court with counsel; waived prosecution by indictment; and pled guilty to both counts of the Information. A signed written plea agreement was made a part of the record which provided, inter alia, that Price was waiving most of his appellate rights and all of his collateral attack rights. On March 12, 2009, the Court sentenced Price to a term of imprisonment of 114 months at Count One and 96 months at Count Two, such terms to be served consecutively, for a total of 210 months. Price never filed a Notice of Appeal, although the Court granted an extension of time to do so.

On April 23, 2009, Price filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 31) in which he alleged ineffective assistance of counsel. On July 17, 2009, the Court advised Price pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999), that he may lose the ability to file subsequent collateral attacks and afforded Price the option to re-file an all-inclusive § 2255 petition. (ECF No. 32). Price notified the Court that he was electing to withdraw his first § 2255 motion and

would file a new, all-inclusive § 2255 petition within the one year statutory period. (ECF No. 33).

On February 11, 2010, Price filed a revised § 2255 motion and a supplement thereto, in which he raised two ineffective assistance of counsel claims: (i) that counsel allegedly induced him to plead guilty against his will to charges that "are neither true nor supported by the evidence;" and (ii) that counsel failed to preserve the ability of Price to file a direct appeal and/or failed to file a direct appeal from the sentence. (ECF Nos. 36, 38). The government filed a response in opposition to the motion and Price filed a reply (ECF Nos. 39, 40). On March 30, 2010, the Court issued a Memorandum Opinion and Order (ECF No. 42), which denied the § 2255 motion. (ECF No. 42). This Court denied a certificate of appealability because it concluded that Price had failed to make a substantial showing of the denial of any constitutional right. Price filed an appeal. The United States Court of Appeals for the Third Circuit also denied a certificate of appealability and stated: "Jurists of reason would not debate the District Court's conclusion that [Price] knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and that enforcing the waiver would not work a miscarriage of justice." (ECF No. 46).

The instant § 2255 motion was filed by Price more than four years later, on February 26, 2015. The government filed a motion to dismiss the renewed § 2255 motion for lack of jurisdiction.

Legal Analysis

The primary focus of the government's argument is that the pending motion represents a prohibited "second or successive" § 2255 motion. The Court agrees with the government.

3

Because Price filed a § 2255 motion in 2010, he may not file a second or successive motion without prior approval from the Court of Appeals.

Pursuant to 28 U.S.C. § 2255(h): "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under the facts and circumstances of this case, Price has had a full and fair opportunity to raise all of his collateral attacks. Price initially filed a § 2255 motion in April 2009. On July 17, 2009, the Court provided to Price a "*Miller* Notice." Price not only acknowledged receipt of the notice, but he withdrew his initial § 2255 petition. Subsequently, on February 11, 2010, Price filed a revised § 2255 motion and a supplement thereto. In summary, Price was well-aware of his duty to set forth <u>all</u> of his arguments in that revised § 2255 motion. The claims of alleged ineffectiveness of counsel in the instant motion could, and should, have been raised in 2010.

Price contends that his motion is timely pursuant to 28 U.S.C. § 2255(f)(2) or (f)(4). He argues that the Pennsylvania Bar Association Legal Ethics Opinion and the policy statement from Deputy Attorney General James M. Cole with respect to collateral waivers (including waivers of claims of ineffective assistance of counsel) constitute "triggering events" which restart the limitations period. The Court cannot agree. There was no legal impediment to including such claims in his 2010 motion and the facts were known to Price at that time. Moreover, subsequent case law has confirmed that collateral waiver provisions continue to be valid and enforceable. *See, e.g., Stitt v. United States*, 2015 WL 1489477 (W.D. Pa. March 31,

2015) (denying § 2255 motion because collateral waiver provision was effective and denying certificate of appealability).

Price has failed to provide any evidence that the Third Circuit Court of Appeals has certified his right to file the instant motion. Such certification is highly unlikely because the Third Circuit Court of Appeals has previously denied a certificate of appealability. Nor has Price made any showing as to newly-discovered evidence of innocence or a new, retroactive rule of constitutional law. The lack of the requisite certification deprives this Court of jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Accordingly, Price's motion must be dismissed.[1]

In accordance with the foregoing, the GOVERNMENT'S MOTION TO DISMISS DEFENDANT PRICE'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION (ECF No. 49), will be **GRANTED**; and the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 48), filed by Harold D. Price will be **DISMISSED WITH PREJUDICE**. A certificate of appealability will not be issued pursuant to 28 U.S.C. § 2253.

An appropriate Order follows.

McVerry, J.

---

[1] There are additional, independent reasons why the renewed § 2255 motion filed by Price must be dismissed. To wit, this Court and the Third Circuit have determined that Price's waiver in the plea agreement of his right to file collateral attacks is valid and enforceable. Moreover, the one-year limitations period has long expired. *See* 28 U.S.C. § 2255(f).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 2: 08-cr-00312 |
| v. | ) | 2: 15-cv- 265 |
| | ) | |
| HAROLD D. PRICE | ) | |

## ORDER OF COURT

AND NOW this 8th day of May, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the GOVERNMENT'S MOTION TO DISMISS DEFENDANT PRICE'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION (ECF No. 49), is **GRANTED**; and the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 48), filed by Harold D. Price is **DISMISSED WITH PREJUDICE**. Civil Action No. 15-265 shall be docketed closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc: Troy Rivetti, AUSA

Harold D. Price
FCI-Elkton, #09580-068
P.O. Box 10
Lisbon, OH 44432
 (By First Class Mail)